# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-CR-00726 |
| v. | (Chief Judge Brann)* |
| WILLIAM B. WELWART, ETHAN B. WELWART, GARY KACZKA, | |
| Defendants. | |

## ORDER

**FEBRUARY 3, 2026**

The defendants in this case have challenged the legality of the current leadership structure of the Office of the United States Attorney for the District of New Jersey and the authority of these individuals to supervise their prosecution. Pursuant to the Honorable Michael A. Chagares's Order designating me to hold a District Court in the District of New Jersey and transferring cases involving that issue to me,[1] the presiding Judge in this matter issued a transfer Order effectuating such reassignment.

I have reviewed the docket in this case, and I find that this challenge is duplicative of the issues raised in *United States v. Naviwala*[2] and *United States v.*

---

\*   The Honorable Matthew W. Brann, Chief United States District Judge for the Middle District of Pennsylvania, sitting by designation.
[1] Designation Order, *United States v. Naviwala*, No. 2:24-CR-0099 (D.N.J. Dec. 18, 2025), Doc. 270.
[2] Motion to Dismiss and Disqualify, *Naviwala*, No. 2:24-CR-0099 (D.N.J. Dec. 16, 2025), Doc. 269.

*Torres*.[3] I intend to resolve the authority issue in that consolidated litigation. Accordingly, **IT IS HEREBY ORDERED** that:

1. All proceedings and pending motions in this matter are **STAYED** pending resolution of the *Naviwala* and *Torres* motions and all related appeals;

2. No further briefing should be submitted in relation to the instant motion except to raise a new issue that may justify lifting the stay;

3. The filing of this motion tolls the time in which trial must commence pursuant to 18 U.S.C. § 3161(h)(1)(D);

4. Within fourteen (14) days of my decision in *Naviwala*, the parties shall submit a joint status report indicating whether this matter raises any issues regarding the authority of the current leadership structure of the Office of the United States Attorney for the District of New Jersey that were not resolved in that decision. The status report should not discuss questions of remedy that should follow from a determination that that leadership structure is invalid.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge for
the Middle District of Pennsylvania
Specially Presiding

---

[3]  Motion to Dismiss and Disqualify, *United States v. Torres*, No. 2:24-CR-0378 (D.N.J. Dec. 12, 2025), Doc. 91.